UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS SINTOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21 C 5327 ) ) Judge Sara L. Ellis |
| CITY OF CHICAGO, | ) ) |
| Defendant. | ) ) |

## ORDER

The Court denies Defendant City of Chicago's motion for reconsideration of this Court's April 11, 2023 ruling [72]. See statement.

## STATEMENT

In September 2014, Plaintiff Nicholas Sintos, who has depression and anxiety, applied to work as a firefighter/EMT with the City of Chicago. After passing the City's written examination, the City placed him on a list of eligible candidates. The City offered Sintos employment conditioned on the successful completion of a psychological suitability evaluation, which the City does not uniformly require all applicants to complete. In February 2019, Sintos underwent a five-hour psychological suitability evaluation. In June 2019, the head of the Chicago Fire Department's medical division, Dr. William Wong, informed Sintos that the psychologist did not recommend him for employment, leading the City to take Sintos off the eligible candidate list. Sintos brought this lawsuit against the City alleging the City discriminated against him based on his disability, in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, that the psychological exam was unlawful under the ADA because the City did not subject all potential employees to the exam, and that the City has a widespread practice of only requiring candidates with a history of psychiatric disabilities to undergo the exam. The parties are currently completing fact discovery.

On February 9, 2023, the parties filed a joint motion to resolve discovery disputes. Doc. 52. During discovery, the City produced medical clearance files for other applicants, however, it redacted their names and contact information. Sintos asked the Court to require the City to produce unredacted versions so that he could contact other candidates who, like him, were required to undergo post-offer psychological exams. Sintos argued that he is entitled to contact these individuals as they are potential witnesses. The City argued, amongst other things, that the redactions were necessary to protect the privacy of the third-party applicants, and that because Sintos did not raise a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), their only use would be to establish comparators for Sintos'

discrimination claims. On February 16, 2023, the Court held a hearing and agreed with the City that the redacted information provided adequate information for Sintos to identify comparators and that, at that point, he had not identified a need for this information that outweighed the privacy interests of the third-party applicants. Doc. 55. Thus, the Court denied Sintos' request for unredacted files.

On April 11, 2023, the Court held a hearing to resolve additional discovery disputes. During this hearing, Sintos again raised the need for unredacted medical clearance files, arguing this time, however, that the information was necessary to support a *Monell* claim. *See* Doc. 82-1, April 11, 2023 Hrg. Tr. at 7 ("Dr. Wong is the decision maker, and it's completely inaccurate to state that this case is about one individual decision in an individual case. We are challenging a practice. It's there in the complaint. It's been in the complaint since the beginning, and it's the basis for an independent legal claim."). Sintos argued that to establish his *Monell* claim, he would need to contact the other applicants to learn more about their experiences, and in particular, their interactions with Dr. Wong. The Court agreed and ordered the City to provide unredacted medical clearance files for twelve analogous third-party applicants. The City now asks the Court to reconsider the April 11, 2023 order.

Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F. 3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

The City first argues that the Court erred in requiring the City to produce unredacted files because Sintos has not identified a need for this information that outweighs the privacy interests of the third-party applicants. The City argues that the Court thus committed a legal error by "ignor[ing] the proportionality standards set forth in Federal Rule of Civil Procedure 26." Doc. 93 at 2. The Court disagrees. The City's argument centers on its mistaken impression that Sintos has not alleged a *Monell* claim. As discussed above, at the April 11, 2023 hearing, Sintos made clear that he was pursuing a *Monell* claim. And the third amended complaint need not use specific language to assert a *Monell* claim because Sintos need only have pleaded facts, not legal theories, to place the City on notice of his claim. *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) (citing *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 742 (7th Cir. 2010)). Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). When the Court made its February 16 ruling, Sintos did not argue or emphasize that the requested discovery had relevance to his *Monell* claim. As such, the Rule 26 balancing weighed against requiring the City to provide unredacted files because Sintos could identify potential comparators for his individual discrimination claims without knowing the identities of the third-party applicants. At the April 11, 2023 hearing, however, Sintos highlighted the need for the unredacted files to support his *Monell* claim, which changed the Rule 26 calculus and the Court agreed that it was necessary to allow Sintos access to the unredacted information.

In the third amended complaint, Sintos alleges that "[i]n or around 2018, the City, through the actions of Dr. Wong and the Chicago Fire Department Medical Division, instituted an unlawful policy or practice of requiring select Firefighter/EMT and Fire Paramedic applicants with a history of psychiatric disabilities to undergo post-offer psychological suitability evaluations." Doc. 71 ¶ 35. To prove his *Monell* claim, Sintos will need to show (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). To support his argument that the practice is widespread, Sintos seeks to contact other applicants who underwent the psychological evaluation exam but were not hired. *See Reed v. Wexford Health Sources, Inc.*, No. 20-cv-01139-SPM, 2022 WL 4483949, at *6 (S.D. Ill. Sept. 27, 2022) ("*Monell* claims often require broad discovery."). Here, the Court is allowing Sintos access to the unredacted information for at most twelve individuals. Given the small number of individuals and the need for this information to establish his *Monell* claim, the Court found it appropriate to order the City to provide unredacted files.

The City next argues that the medical files are protected from disclosure by the Illinois Mental Health and Developmental Disabilities Confidentiality Act (the "Mental Health Act"), 740 Ill. Comp. Stat. 110/1 *et seq.*, which prohibits disclosure of mental health communications or records "kept by a therapist or by an agency in the course of providing mental health or developmental disabilities services," unless certain exceptions apply. 740 Ill. Comp. Stat. 110/2. But "state-created principles of privilege do not control" in federal question cases. *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir. 1983); *see also Beard v. City of Chicago*, No. 03 C 3527, 2005 WL 66074, at *6 (N.D. Ill. Jan. 10, 2005) (finding the Mental Health Act "has no applicability in this federal-question case"). Rather, the federal psychotherapist-patient privilege, recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996), controls.

The City contends that even if the federal psychotherapist-patient privilege, and not the Mental Health Act, applies, that it too bars the disclosure of the unredacted third-party applicant

3

files absent consent from each individual. Doc. 93 at 9 (citing *Jaffee*, 518 U.S. at 11). Although the Supreme Court recognized the federal psychotherapist-patient privilege in *Jaffee*, 518 U.S. at 11, that case dealt with a police officer who, on her own accord, pursued professional counseling from a social worker following an incident where she shot and killed a man while on the job, *id.* at 4–5. But "*Jaffee* was not intended to protect an employee's compelled consultation with a psychologist for purposes of preparing an evaluation to be communicated to an employer as to the employee's fitness for duty." *McEwan v. Villafuerte*, 338 F.R.D. 239, 244 (N.D. Ill. 2021) (collecting cases). Here, the third-party applicants were not seeking mental health treatment, as in *Jaffee*, but instead were participating in a compelled evaluation in hopes of gaining employment with the City. *See id.* Thus, the Court finds that neither the Mental Health Act nor the federal psychotherapist-patient privilege apply.

Finally, the City argues that the Court should reconsider its April 11, 2023 ruling because it was "made outside the adversarial issues presented to the Court," and that the Court erred because its February 16, 2023 ruling was the "law of the case." Doc. 73 at 13. First, while the second joint discovery motion did not specifically re-raise a request for unredacted files, it raised related discovery issues. And in explaining the need for the information sought through the second discovery motion, Sintos again raised the need for the unredacted files but this time explained that the need was to support his *Monell* claim. The parties previously briefed the redaction issue and the City was free to make additional arguments at the April 11, 2023 hearing in response to Sintos' arguments about the continued need for the unredacted files but failed to do so. In any case, the City has now had a chance to again brief the issues and the Court has considered its arguments. Having done so, the Court again finds its order that the City must produce the unredacted files appropriate. Second, while the law of the case doctrine "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit," it "is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket." *See Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995). Here, the Court specifically left open the possibility of revisiting its February 16 ruling. *See* Doc. 56, February 16, 2023 Hrg. Tr. at 3 ("I think at this point anyway in the litigation—and I am open to hearing something further later on—I think at this point these individuals, their privacy concerns outweigh the plaintiff's need to be able to individually contact them right now[.]"); *see id.* ("So if as, you know, discovery progresses and we get further along, if there is certain people for whom the plaintiff has a need to actually contact them, then I will reconsider based on a specific showing."). In light of Sintos' argument that the unredacted files were necessary to support his *Monell* claim, the Court properly revisited its February 16 ruling and ordered the City to produce the unredacted files. *See Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004) ("Trial Courts have broad discretion over discovery matters[.]"). The Court thus finds no error in its revisiting its earlier ruling.

Therefore, the Court denies the City's motion for reconsideration [72].

Date: July 5, 2023 /s/ Sara L. Ellis